*798 OPINION OF THE COURT
Marie M. Lambert, S.
This is a rather unusual proceeding to enjoin a life tenant of a trust (the Gardiner’s Island trust), from, in effect, commencing, completing or perhaps even contemplating an adoption of an adult person, in any court other than this Surrogate’s Court. More specifically, it is alleged that an adoption carried out by this life tenant would be for the sole and fraudulent purpose of conferring upon the adoptee the rights of contingent remainderman of the trust, which is subject to this court’s jurisdiction. This court has already determined many controversies, both major and minor, regarding this trust and the petitioner herein claims that the allegedly contemplated adoption would constitute still another matter relating to the administration of this trust. (See, Matter of Gardiner, NYLJ, July 15, 1980, at 11, col 4, affd 79 AD2d 549; NYLJ, Aug. 7, 1981, at 13, col 4; NYLJ, July 3, 1984, at 11, col 2.)
Previously this court signed an ex parte temporary restraining order prohibiting such an adoption until the return date of the order to show cause, but now has concluded a conference on the controversy in question. For the reasons discussed below, this court now orders that the temporary restraint be vacated and denies the requested injunction.
The facts and allegations underlying this current application may be briefly stated.
Robert David Lion Gardiner and his sister, Alexandra G. Creel, are the life tenants of the Gardiner’s Island trust, the principal asset of which is historic Gardiner’s Island, lying beyond the coast of northeast Long Island. Upon the death of the survivor of these two parties, the trust is to terminate and the island is to pass to their issue, per stirpes, as tenants in common. At this time, Robert Gardiner is 78 years old and has no issue. Mrs. Creel has one daughter, Alexandra Goelet, and two grandchildren, the issue of a previously deceased son. In this matter, the petitioner, Mrs. Goelet, has alleged that her uncle is engaged in "heir shopping”, seeking to adopt a person to survive him as his issue to ultimately keep sole possession of the island from the Creel side of the family.
Mrs. Goelet and her uncle have skirmished both on the island and before this court. She is most anxious to prevent her uncle from adopting anyone. In this modern era, courts are increasingly asked to resolve differences between parties *799 which years ago would have been considered nonjusticiable. It is true that governments have a definite interest in and the power to regulate such domestic relations as marriage, divorce and adoption, thereby necessitating that courts adjudicate a wide variety of questions in these realms. However, a comparable application has never been seen by this court, nor have the parties cited any specific precedent for a court to grant the injunctive relief requested by this petitioner. In this court’s opinion the matter posed by this particular petitioner is clearly nonjusticiable for a number of reasons.
First, the relief requested by the petitioner would prevent a "threatened” adoption where actually no adoption proceeding has been instituted in any jurisdiction. Courts can adjudicate problems best when the problems actually exist, that is, when circumstances are real and facts, not fears or hypothecations, are presented by litigants. Clearly this matter is not ripe for judicial involvement at this time. (CPLR 601, 6314; Matter of De Gendron, NYLJ, July 9,1984, at 13, col 4.)
Second, the present petitioner is only one possible contingent remainderman of the Gardiner’s Island trust. During the lives of Mr. Gardiner and Mrs. Creel, the petitioner’s mother, the petitioner possesses absolutely no vested interest in the trust. Therefore, she is not an appropriate party to prosecute this matter by herself. Interestingly, the petitioner’s mother, who is a life tenant of the trust at this time, has submitted an appearance and statement that she takes no position in this application. The other contingent remaindermen of the trust have not even been made parties to this suit. This petitioner simply lacks appropriate standing. (Matter of Rapaport, NYLJ, June 6,1989, at 27, col 1.)
Third, it is noted that the petitioner desires an injunction that would limit Mr. Gardiner to this particular forum whenever he might attempt to institute any adoption proceeding. This court’s jurisdiction over adoption proceedings, however, is limited in specific ways by statute (Domestic Relations Law § 115), and neither this petitioner, nor even Mr. Gardiner, can confer the necessary subject matter jurisdiction upon this court. Indeed, Mr. Gardiner is not domiciled in this State, and neither is a currently identified potential adoptee. That alone deprives this court of jurisdiction. (Domestic Relations Law § 115 [2]; Matter of E.W.C., 89 Misc 2d 64.) Furthermore, even if this court had subject matter jurisdiction, it is unclear what right the petitioner, or anyone else would have, to intervene in an adoption proceeding.
*800 Fourth, the relief sought by the petitioner would effectively deny options to Mr. Gardiner that may be described as basic rights. Not only is petitioner’s stake in this matter merely the size of her contingent interest in the Gardiner’s Island trust, her own attorney has stated in his papers a belief that even if an adoption were completed, he considers it a "sham” adoption and that it would fail to defeat his client’s rights. Accordingly, the scales balancing the parties’ interests do not weigh in the petitioner’s favor. The petitioner has not shown any irreparable harm to herself that would warrant injunctive relief.
Finally, this court is not persuaded by arguments that it must enjoin Mr. Gardiner in order to prevent a fraud upon this or any other court. Any other court having jurisdiction over an adoption will certainly have the competence to protect its own integrity and the integrity of the laws of the State in which it exists.
This court will continue to possess the jurisdiction over the Gardiner’s Island trust, and continue to have authority to interpret or construe the trust instrument and its effect, whenever an actual question of construction is presented. This power to construe, however, is not a power to rewrite the instrument or control the lives of the beneficiaries thereunder. This power is to be used wisely, not widely or wildly, as the petitioner herein seeks.
For all of the above reasons, the temporary restraint is vacated, and the request for an injunction is denied.